In the Matter of the Application of the GRADE CROSSING COMMISSIONERS OF THE CITY OF BUFFALO, etc., in re Lands Claimed to Be Owned by OTIS ELEVATOR COMPANY, Respondent, and PETER HOF and Others, Defendants. (Proceeding No. 98.)

GRADE CROSSING COMMISSIONERS OF THE CITY OF BUFFALO and Others, Appellants.

Fourth Department, January 16, 1917.

Railroads — Buffalo Grade Crossing Act construed — when second award of damages may be set aside — elevation of railroad tracks interfering with switch to private property — switch not situated on railroad lands — damages.

Section 14 of the Buffalo Grade Crossing Act, which purports to make final a second award of damages to an abutting owner, does not limit the number of times a report of commissioners may be set aside if it appears that there has been a misconception of the facts, and the commissioners have proceeded upon a fundamentally erroneous view of the law, so that a confirmation of the report will result in gross injustice.

Where a change in the grade of a street and the construction of an overhead crossing, resulting in the elevation of railroad tracks, interfered with a switch or siding which connected the plant of an elevator company with the railroad, the company is not entitled to compensation where it appears that the railroad company did not own the land upon which the switch formerly stood, and that to reconstruct the switch it will be necessary, not only to cross the public street, but also private lands which are owned neither by the railroad company nor the claimant.

APPEAL by the Grade Crossing Commissioners of the City of Buffalo and others from a report of the commissioners of

appraisal filed in the office of the clerk of the county of Erie on the 9th day of August, 1916, and also from a final order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 23d day of October, 1916, confirming such report.

*De Witt Clinton*, for the appellant Grade Crossing Commissioners of the City of Buffalo.

*Jeremiah J. Hurley*, for the appellant City of Buffalo.

*Edward C. Randall*, for the respondent Otis Elevator Company.

KRUSE, P. J.:

This matter comes here upon appeal for the second time. The commissioners first appointed made a substantial award to respondent. Their report was confirmed at Special Term and reversed here. (*Matter of Grade Crossing Commissioners, Proc. No. 98*, 168 App. Div. 935.) New commissioners were appointed as provided by the order of reversal. The matter has again been heard before the new commissioners and a substantial award made. Upon the coming in of the report the respondent moved to confirm the same while the appellants resisted the motion and asked to have the report vacated and set aside. The appeal is from this order.

1. The respondent contends that, this being the second report, it is final, and section 14 of the Buffalo Grade Crossing Act, as amended in 1911, so declares. (Laws of 1888, chap. 345, § 14, as amd. by Laws of 1911, chap. 358, § 12.)

We are of the opinion, however, that that provision does not limit the number of times that a report may be set aside where it appears, as here, that there has been a misconception of the facts and the commissioners have proceeded upon a fundamentally erroneous view of the law and that a confirmation of the report would result in gross injustice. The opinion of Mr. Justice WHEELER at Special Term so fully covers this question that nothing need be added to what is there said. We think that question was correctly decided at Special Term.

2. The other question, namely, whether the Otis Elevator Company is entitled to substantial damages is more serious.

This, as well as the first award, is based upon damages which the respondent claims to have sustained by the loss of a possible switch track from its premises across Ferry street to the railroad company property, by reason of the change of grade in that street, made necessary by the construction of an overhead crossing. In making that construction the railroad tracks were elevated about thirteen feet and the grade of the street depressed about four feet. It is claimed that if that had not been done it would have been practicable to construct an industrial switch from the railroad across Ferry street to and upon the respondent's premises, which consisted of a large manufacturing plant.

Upon the former appeal it was held that it did not appear that the depression in the grade of Ferry street in front of the premises of the respondent, abutting upon that street, had prevented the possibility of a switch track across Ferry street; that so far as then appeared, if the right to lay such a switch track across Ferry street could be secured, the track could be laid at the present grade of the street and the necessary excavations made on either side to permit the laying of such switch track at that grade. The evidence in the present record tends to show and the commissioners seem to have reached the conclusion that such a switch track at that point is not possible, and could not be built so as to make it of practical use.

Upon the former appeal it seems to have been assumed that the triangular piece of land over which the switch would have been built, lying on the south side of Ferry street opposite the premises of the respondent, belonged to the railroad company, or at least no question was made that it did not. We did not then pass upon the question as to whether the damages were recoverable for the loss of a possible switch, if the triangular piece of land was in fact owned by the railroad company (although the learned judge at Special Term might reasonably so infer, as he did), and we do not now pass upon that question. By the present record, however, it appears that the railroad company does not own or claim to own it. The deed map in evidence seems to so show, and the district engineer of the railroad company testifies explicitly, that the railroad company does not own or claim to own the land. It, therefore, appears

that the possible switch would have to cross not only the street, but private lands owned by neither the railroad company nor the respondent. If that is so, it seems clear that the respondent is not entitled to damages. (*Matter of Grade Crossing Commissioners of Buffalo*, 207 N. Y. 52.) The question has been definitely settled by the Court of Appeals and we are required to follow that decision.

The order confirming the report should be reversed, with costs to appellants to abide the event, the report of the commissioners of appraisal vacated and set aside, and the matter remitted to the Special Term for the appointment of new commissioners, with directions to allow no damages for the loss of a possible industrial switch.

All concurred.                    o

Order reversed, with costs to appellants to abide event, report vacated and set aside, and matter remitted to the Special Term for the appointment of new commissioners, with directions to allow no damages for the loss of a possible industrial switch.